James A. Maraney, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Republic Steel Corporation, Respondents.

534

Argued February 3, 1982, before Judges MENCER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Anthony J. Kovach, Kovach and Kovach,* for petitioner.

*Linton L. Moyer,* with him *Edward A. McFarland, Thomson, Rhodes & Grigsby,* for respondent, Republic Steel Corporation.

OPINION BY JUDGE WILLIAMS, JR., May 19, 1982:

This case comes before the Court on an appeal of a decision of the Workmen's Compensation Appeal Board (Board), which dismissed the claim filed by James Maraney (claimant), on the theory that Republic Steel Corporation (Republic) was not the employer liable to pay the claimant for his occupational disease.

Claimant's pertinent employment record indicates that he worked for respondent Republic from 1968 until the last working day of January, 1974. Thereafter, he was employed by Jones & Laughlin Steel Corporation (Jones & Laughlin) from March 1, 1974 until he retired on October 28, 1974. Approximately three months later, claimant filed a claim for total disability from coal miner's pneumoconiosis against Jones & Laughlin. That claim, denied by the referee, was never appealed.

On August 26, 1977, claimant filed another pneumoconiosis claim, naming both Jones & Laughlin and Republic as liable employers. At the first hearing on the matter, however, the claimant withdrew the claim against Jones & Laughlin, over Republic's objection.[1] The referee subsequently denied the claim against Republic, asserting that the dismissal of the 1975 claim against Jones & Laughlin operated as *res judicata*. Claimant appealed, and the Board remanded the case to the referee, who denied Republic's motion to join Jones & Laughlin as the liable employer,[2] and awarded benefits to the claimant. Republic appealed, and the Board again remanded for clarification of the "apparent inconsistency . . . that the Referee found the Claimant having knowledge of his disability approximately thirty-one (31) months prior to the occurrence of his actual total disability."

---

[1] Although the objection is contained in the record, and is based on Republic's assertion that Jones & Laughlin is the liable employer, the actual discussion concerning the withdrawal took place off the record. No explanation or reasoning therefor is present on the record for this Court's enlightenment.

[2] In the interim claimant had apparently filed another claim naming both Jones & Laughlin and Republic as defendants. The record indicates that as to Jones & Laughlin, that claim was placed in the inactive file, and as to Republic, both claims were consolidated.

Upon remand, the referee "republished" all but the confusing finding of fact, and all of her conclusions of law. She modified the inconsistent finding to read:

That the Claimant first knew he was totally disabled from coal workers' pneumoconiosis on August 5, 1977, after an examination by Dr. A. Carl Walker who informed him of the same.

Republic appealed again. The Board reversed the referee this time, and dismissed the claim petition, asserting that a certain amended portion of Section 301(c)(2) of the Pennsylvania Workmen's Compensation Act (Act)[3] does not apply to this case, because it became effective after claimant's last day of employment. The Board concluded that prior to the amendment in question, liability was imposed on the last employer without regard to the amount of time a claimant had worked for him, so "[t]he ordinary rule would then apply that the last employer is liable."[4]

By the amendment referred to, *supra,* the legislature had added two sentences to Section 301(c)(2) of the Act, 77 P.S. §411(2):

The employer liable for compensation provided by section 305.1 or section 108, subsections (k), (l), (m), (o), (p) or (q), shall be the employer in whose employment the employe was last exposed for a period of not less than one year to the hazard of the occupational disease claimed. In the event the employe did not work in an exposure at least one year for any employer during the three hundred week period prior to disability or death, the employer liable for the compensation shall be that employer giving the longest period of employment in which the em-

---

[3] Act of June 2, 1915, P.L. 736, *as amended,* added by Act of December 5, 1974, P.L. 782, 77 P.S. §411(2).

[4] Opinion of the Workmen's Compensation Appeal Board, dated April 1, 1981.

ploye was exposed to the hazards of the disease claimed. (Footnotes omitted.)

It was these two sentences that the Board refused to apply to the facts of this case, on the theory that they were not part of the Workmen's Compensation Act on the claimant's last day of work.

Claimant[5] appealed that decision to this Court, praying that we determine as a matter of law that the Board erred in deciding that Republic is not liable. He contends that the formula for establishing employer liability comprising the amendment should be applied retroactively to June 30, 1973,[6] as an amendatory statute which belatedly provided a remedy correlative to an existing, but remedy-less right. In other words, the claimant asserts that the pre-1975 Act did not identify which employer was liable to pay him the benefits to which he was entitled under the 1972 amendments to the Act.[7]

We do not agree, since we perceive that the pre-1975 Act contained language establishing the liability in the final employer who exposed the employee to the asserted occupational hazard.

Section 301(c) of the Act, 77 P.S. §411(1) states that

The terms "injury" and "personal injury" as used in this act, shall be construed to mean an injury to an employe, regardless of his previous physical condition, arising in the course of his

---

[5] Claimant died in 1980. However, his suit is being pressed by his widow and his attorney.

[6] That date, June 30, 1973, was chosen to mirror other language in 77 P.S. §411(2) which makes that section applicable "only with respect to the disability or death of an employe which results in whole or in part from the employe's exposure to the hazard of occupational disease after June 30, 1973. . . ."

[7] In 1972, the amendments which made an occupational disease a compensable injury under the Workmen's Compensation Act became effective.

employment and related thereto, and such disease or infection as naturally results from the injury or is aggravated, reactivated or accelerated by the injury. . . .

Furthermore, the term "injury" includes occupational disease "unless the context clearly requires otherwise" under the provisions of 77 P.S. §411(2).

In analyzing this case, we must bear in mind that occupational diseases are cumulative by their very nature; they are the result of numerous small assaults on the body, each of which exacerbates the deleterious effect of the previous hazardous exposure. The "injury" to this claimant, pneumoconiosis, undeniably arose in the course of his employment and was related thereto. To state the situation as simply as possible, when he started working for Jones & Laughlin, either (a) he suffered from latent pneumoconiosis, or (b) he didn't. If (a), then that disease itself constituted a "previous physical condition" *at that time,* and the exposure he suffered at Jones & Laughlin can be said to have "aggravated" or "accelerated" the disease. Alternatively, if he did not have the disease on March 1, 1974, then it arose during the course of his employment with Jones & Laughlin. Either way, the claimant would have received a compensable injury during his tenure at Jones & Laughlin, which would, *ipso facto,* impose liability on that employer.

Order affirmed.

ORDER

AND Now, this 19th day of May, 1982, the order of the Workmen's Compensation Appeal Board, Docket Number A-79807, dismissing the claim petition filed against Republic Steel Corporation, is hereby affirmed.

This decision was reached prior to the resignation of Judge MENCER.